UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY ALAN MYERS,

        Plaintiff,

v.                          Case No. 8:09-cv-380-T-17MAP

MANATEE COUNTY SHERIFF BRAD STEUBE
and SEC. DEPT. OF CORRECTIONS,

        Defendants.
_____

O R D E R

The Court has for its consideration the pro se prisoner Plaintiff's Petition for Injunctive Order which the Court construes as a civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that this Court does not have jurisdiction to enter the requested Injunctive Order.

Factual Background

In his complaint, Plaintiff Myers contends:

     Myers is a state inmate. He was transferred from FDOC to MCSO in February 2008 for a hearing in his civil case. He was housed with a number of serious sex offenders. Three of them gave Myers explicit details and confessions in their cases. When Myers was returned to Santa Rose C.I. he contacted the 12th Circuit State Attorney and explained it. The State Attorney had the institutional inspector conduct a taped interview of Myers regarding the situation. On 7/3/08, Myers was transported again to MCSO to testify in the trial of a serious child molester. The trial was continued and Myers returned to FDOC, on 8/25/08, without have [sic] spoke to anyone from the State Attorney's Office. However, during his time there, 3 more inmates gave Myers explicit details and confessions in their cases. Once again, he contacted the 12th Circuit State Attorney's office with such.

     On 9/26/08, Myers spoke from prison by phone with Mr. Jeff Quisenberry, A.S.A. of the 12th Circuit's Bradenton Office. Myers was told he was being subpoenaed for a 10/13/08 trial. Being Myers' first conversation with their office, Myers took the opportunity discuss what he would receive for helping the State? [sic]

     Myers suggested that the remainder of his incarcerative sentence be converted to probation. Mr. Quisenberry would not commit to that specifically, but he did state to Myers that he would be taken care of for doing this, and he assured Myers that his safety would be guaranteed at all times.

     Myers understood this to mean that he would be rewarded for his assistance and that the details would be hammered out when he got to MCSO.

     On 10/7/08, Myers was again transported to MCSO and placed in 24 hour lockdown. Myers was deposed on 10/13/08 and the Defendant took a plea offer the next day due to Myers' testimony.

     Myers found out that the 12th Circuit State Attorney had already used Myers in a few cases. They had revealed Myers identity and information to the Defendants without first discussing it with Myers and receiving his permission and without agreeing on any terms with Myers or any plan for the aftereffects.

     As a direct result of the 12th Circuit State Attorney revealing Myers' identity and using his information in their cases a contract has been putout on Myers' life due to his testimony against a Mexican drug dealer and gang

member. This man received a life sentence for murder and drug trafficking. He has strong ties to the Latino gangs and the Mexican drug cartel.

This man had all of Myers' FDOC website information, name, prison, release date, even driver's license number set to him from his street connections. He has gang members waiting for Myers at Santa Rose C.I. upon his return.

The Latino gangs have members throughout FDOC and they use the FDOC website to screen for new recruits at all FDOC institutions. Myers [sic] picture and personal date have been distributed throughout FDOC in order to get to him no matter which FDOC institution he is sent to.

On top of that, Myers [sic] information including being a state witness has been spread to hundreds of MCSO inmates over the last year, most of whom will end up in FDOC due to their charge, who have vowed to get Myers in the prison.

Myers claims the Twelfth Judicial Circuit assistant state attorneys reneged on their promises to "reward" him for his assistance. He states that, as of the date of this petition, Myers and his family have been made to understand that the proposed solution to this problems is to return Myers to FDOC and keep him in "24 hour solitary confinement for the rest of his incarcerative sentence." Myers says that the remainder of his sentence may be as long as thirteen years.

Myers claims that his Eighth Amendment right against cruel and unusual punishment would be violated if he were kept in 24 hours lockdown for the remainder of his sentence. He alleges that he has endured two attempts on his life and attempts to tamper with his food and to influence the officers to torment him. He claims that he and his family suffer the daily anxiety and trauma of the ongoing threat to his life.

Myers claims that the Fifth Amendment to Due Process protects his right to life. He claims that he was deceived by the Twelfth Judicial Circuit Assistant State Attorneys into believing that they would bargain with him for the information he provided. He seeks to

3

have this Court place an immediate hold on him and have him held where this Court "deems fit and safe and that an immediate hearing be held with all parties present and any other relief necessary."

Plaintiff is, in essence, seeking a writ of mandamus from this Court to order the Florida Department of Corrections and the Manatee County Sheriff to take action in this case. Plaintiff suggests that the solution to the problem is for him to serve the remainder of his sentence on community control and thereby, to avoid the danger of being murdered in prison for his providing information to the State that was given him by inmates.

Discussion

Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." *See Corn v. City of Lauderdale Lakes,* 904 F.2d 585, 587 (11th Cir.1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); *see also Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1385 (11th Cir.1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." *See generally Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co.*, 260 F.2d 637, 640 (2d Cir.1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")
*Preferred Sites, LLC v. Troup County*, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

4

> "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations [.]" *In re Bellsouth Corp.,* 334 F.3d 941, 953 (11th Cir. 2003) (quoting *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1981)); *see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309 (1989). To be entitled to mandamus, Myers must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty for the Defendants to perform the action sought; and, (3) the absence of an adequate alternative remedy. *Mallard*, 490 U.S. at 309; *Stephens v. Dept. of Health & Human Servs.,* 901 F.2d 1571, 1576 (11th Cir. ), *cert. denied,* 498 U.S. 998 (1990); *District Lodge No. 166 v. TWA Servs., Inc.,* 731 F.2d 711, 717 (11th Cir. 1984), *cert. denied,* 469 U.S. 1209 (1985) (quoting *Carter v. Seamans*, 411 F.2d 767, 744 (5th Cir. 1969)).

Here, Myers has not met his burden. He has not shown that he is entitled to this drastic remedy.

> Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin,* 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin*, 449 F. Supp. 914, 915 (E.D. Wis. 1978).

*Andujar v. Crosby*, No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2 (M.D. Fla. Jan. 18, 2006).

Analogously, this Court does not have jurisdiction to issue a writ of mandamus to direct the Manatee County Sheriff, the Twelfth Judicial Circuit Assistant State Attorneys, or the Florida Department of Corrections to release Plaintiff to community control for the remainder of his sentence.

Accordingly, the Court orders:

That Plaintiff's petition for injunctive order is denied. The Clerk is directed to enter judgment against Myers, to terminate all pending motions, and to close this case.

In an abundance of caution, the Clerk is directed to mail a copy of Plaintiff's Petition for Injunctive order to the Manatee County Sheriff's Office, the Office of the State Attorney for the Twelfth Judicial Circuit, Manatee County, Florida, and the Florida Department of Corrections Legal Department, attention Susan Maher, Esquire.

ORDERED at Tampa, Florida, on March 6, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Jay Alan Myers